BY THE COURT.
The receipt given by Wilkins did not per se discharge the judgment, though if properly and fairly obtained, it was authority for the court, on proper application, to order satisfaction on the record, if that could be done without affecting the rights of other persons. The judgment, it is admitted, was the subject *516 of assignment in writing — a part of it was so assigned, but it i» asserted that the notice of the assignment did not express that the assignment was in writing, or set it forth, and therefore that the-assignment for want of notice was in operation against Patterson.. It is an answer to the objection that the law does not prescribe any particular form of notice in such cases, and therefore, any which conveys information of the fact is sufficient. We think the notice in this case sufficient; it put Patterson on his guard, and afforded him an opportunity to protect himself, and that was its sole object. He kuew of the assignment, and afterwards issued his execution, and sent word to Wilkins of his proposed compromise, spoke of the. assignment to Brush before he took the receipt, and then asked the court, in the exercise of its equitable power, to protect him, not 503] *because he had not notice, in fact; not because he had parted with anything in good faith, and in ignorance of the rights of Collins and Brush, for it is not even shown that Roberts ordered the execution against Wilkins, or knew of it, or that anjr credit had. been given on the docket for the amount of the receipt; but because the notice was notin due form of law! The reason is one not. entitled to favor upon equitable grounds — if it have favor, it must, be because of its unbending' legal obligation. We have already said that the law prescribes no particular form for such notice. The-notice was one of fact — the fact is conceded — but is now sought to-be avoided, as the reward of a contrivance to get round it, and throw the loss upon Collins and Brush.
The proper course would have been for Patterson to have moved the Court of Common Pleas to satisfy the judgment, and that the court on hearing could decide as advised. Without satisfaction entered, the judgment remained open, and the plaintiff had a right, to his execution. The clerk had no power to judge between the-parties upon the validity and effect of the receipt. The law confers no such power uptni him — that duty belongs to the courts of justice. The precipe justifies the clerk for issuing the writ, and the-party sues it out at his peril. If improperly sued out, it may be-quashed by the court at the costs of the party sueing it out. If sued out after the judgment is paid, the court would order it stayed until it decide the question upon the motion for satisfaction. But, however that may be, the Court of Common Pleas ordered the execution for the $35. In so far they ordered as we should have done. If there be error, it is not against the plaintiff in error, of which haneqd complain, but in not directing the execution for $10 more.
■ The order is affirmed, with costs.